## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **TABBATHA JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-623-JWD-RLB** |
| **KELLY SERVICES** | |

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

Under 28 U.S.C. § 636(b)(1), you have **14 days** from receipt of this Notice to file written objections to the proposed findings of fact and conclusions of law in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on February 17, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| TABBATHA JOHNSON | CIVIL ACTION |
| VERSUS | NO. 21-623-JWD-RLB |
| KELLY SERVICES | |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Complaint (R. Doc. 1), filed against Kelly Services on October 28, 2021. Plaintiff, Tabbatha Johnson, is proceeding pro se and has been granted in forma pauperis (IFP) status.

Plaintiff filed a two page form complaint against Kelly Services. As a basis for federal jurisdiction, plaintiff alleges that her "[e]mployer violated plaintiff's civil rights denying her access to work in violation of company policy." (R. Doc. 1). Her "statement of claim" alleges that "Defendant allowed Jennifer Williams (account manager) to deactivate Plantiffs [sic] employee profile. In violation of company policy preventing Plaintiff from working. Defendant gave stipulations." (R. Doc. 1 at 2). Those are the entirety of the allegations in the complaint.

On November 30, 2021, the undersigned conducted a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine whether plaintiff's claims should be dismissed for lack of jurisdiction in federal court or as otherwise frivolous.

At the hearing, plaintiff confirmed that the defendant, Kelly Services, is a private employer. Plaintiff did not identify any government actor or otherwise identify any "civil rights" violated by any such actor. Plaintiff confirmed that this matter was limited to an employment dispute with her previous employer. In the course of her employment with Kelly Services, Plaintiff was dispatched to work at various schools as a substitute teacher. Plaintiff earned $10 an hour and worked 7-8

hours per day and was off during the summers. At the onset of COVID in March of 2020, all employment with Kelly Services stopped because the school system shut down. Plaintiff explained that her problems began later that year in October / November 2020 when she desired to return to work for Kelly Services. Plaintiff learned that she has been "deactivated" in the system and was not getting assigned as a substitute teacher. Plaintiff claims that this was a violation of company policy which would have allowed for a non-working gap in her employment term. As set forth in the complaint, plaintiff seeks reinstatement as well as compensatory and punitive damages.

District courts must construe the IFP complaints of pro se plaintiffs liberally. Nonetheless, even the most liberally construed IFP complaint can be dismissed at any time, regardless of service or the filing of an answer, if the Court determines the case:

(i) is frivolous or malicious;

(ii) fails to state a claim; or

(iii) seeks monetary relief against an immune defendant.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous "if it lacks an arguable basis in law or fact," *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994), while the determination of whether a complaint fails to state a claim is made by applying the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003) (dismissal of IFP complaint for failure to state a claim employs Rule 12(b)(6) standard).

Section 1915(e)(2)(B) "accords judges . . . the authority to dismiss a claim based on an indisputably meritless legal theory," *Neitzke v. Williams*, 490 U.S. 319, 327 (1989), "such as if the complaint alleges the violation of a legal interest which clearly does not exist," *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997). A legally deficient IFP complaint that fails to state a claim on which relief can be granted may be dismissed on the court's own initiative at any time. *See* 28 U.S.C. § 1915(e)(2)(B).

Here, Plaintiff's cause of action may be dismissed under section 1915(e)(2)(B), as either legally frivolous or failing to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

To begin, plaintiff claims that the basis for filing in federal court is that her "civil rights" have been violated by her private employer for failing to follow its internal policy. There is no allegation or facts to demonstrate that the defendant was "acting under color of state law." Rather, this is an employment dispute between the plaintiff and her private employer.

In Louisiana, absent a specific contract of an agreement establishing a fixed term of employment, the default rule under the civil code is that of employment at will.[1] *See Johnson v. Walmart*, 14-207-BAJ-RLB, 2015 WL 740176, *2 (M.D. La. Feb. 20, 2015) (citing cases). The employment at will doctrine allows an employer to discharge an employee who does not have a specific contract or agreement establishing a fixed term of employment at any time, for any reason or no reason at all, without incurring liability for the discharge; "the reasons for termination need not be accurate, fair or reasonable." *Id. (*citing *Quebedeaux v. Dow Chemical*, 820 So.2d 542, 545 (La. 2002); *Square v. Hampton*, 144 So.3d 88, 98, (La. App. 4 Cir. 6/4/14)); *see also Tolliver v. Concordia Waterworks Dist. No. 1*, 735 So.2d 680, 684 (La. App. 3 Cir. 2/10/1999) ("'Unfairness' or 'unreasonableness' in terminating an employment relationship are not recognized exceptions to the employment at will doctrine.").

In short, taking the allegations as true, plaintiff has failed to state a claim upon which relief can be granted.

---

[1] While there are certain federal and state statutory exceptions to the employment at will doctrine, plaintiff does not allege, and did not identify at the *Spears* hearing, a violation of any identifiable federal or state statutory rights that would preclude the operation of the at will doctrine.

Even assuming that there exists a state cause of action, and assuming that there is diversity of citizenship,[2] plaintiff has not sufficiently alleged that the amount in controversy is satisfied. The complaint fails to provide any specific amounts sought and instead lists generic categories of damages. (R. Doc. 1 at 2).

At the *Spears* hearing, Plaintiff explained that her employment at issue involved temporary work as a substitute teacher at various schools. Her pay was $10 per hour, for 7-8 hours per day, on a day that she worked a full day. There was no work during the summers.

Taking Plaintiff's statements as accurate, the Court will <u>assume Plaintiff was fully employed as a substitute teacher for the entire school year</u>, and <u>assume that the school year involved 190 days per year</u>.[3] At 8 hours a day, a full year of wages for plaintiff would be a little more than $15,200. The amount in controversy, therefore, would fall significantly short of the amount required to sustain federal jurisdiction under 28 U.S.C. § 1332. In short, if there is a private cause of action by plaintiff against her employer under an unknown private agreement, jurisdiction would not lie in federal court.

For the reasons given above, the Court **RECOMMENDS** that Plaintiff's Complaint (R. Doc. 1) be **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), because it is both legally frivolous and fails to state a claim.

Signed in Baton Rouge, Louisiana, on February 17, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] The complaint alleges that both the plaintiff and the defendant are located in Baton Rouge, La. It is unclear, however, if Kelly Services is a corporation and, if so, the location of its principal place of business and state of incorporation.

[3] There are fewer than 190 school days in East Baton Rouge Parish in a given school year.